# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DARREL ARTHUR BRAUN**                                      **CIVIL ACTION**

**VERSUS**

**STEVE LEE, ET AL.**                                      **NO. 18-0019-BAJ-EWD**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.   Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on March 29, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**DARREL ARTHUR BRAUN**                                   **CIVIL ACTION**

**VERSUS**

**STEVE LEE, ET AL.**                                     **NO. 18-0019-BAJ-EWD**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.   Through this application, Petitioner challenges his confinement in the Eastern Louisiana Mental Health System based upon an Order of Commitment issued by the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana.   It appears from documentation attached to Petitioner's application that he was adjudicated not guilty by reason of insanity and was placed on supervised probation for five years in connection with charges of (1) stalking and (2) battery upon a police officer before that court.   Petitioner apparently complains that his probation was wrongfully revoked and that he has been improperly committed to the custody of the East Louisiana State Forensic Hospital.   *See* R. Doc. 1-1 at pp. 12 and 51-57.   Petitioner prays for "abolish[ment]" of "said stalking charge … and 2 counts of … battery on police officer from Jefferson Parish."   *See* R. Doc. 1 at p. 15.

Under 28 U.S.C. § 2241(d), when an application for a writ of *habeas corpus* is made by a person in custody under a judgment and sentence of a state court of a state which contains two or more federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the state court

was held which convicted and sentenced him, and each such district court shall have concurrent jurisdiction to entertain the application.   Under § 2241(d), the district court for the district where the application is filed may, in the exercise of its discretion and in the furtherance of justice, transfer the application to another district court for hearing and determination.

Petitioner's application demonstrates that although Petitioner is confined in the Middle District of Louisiana, his confinement relates to proceedings conducted in the Eastern District of Louisiana.   It has been recognized in this context that "federal habeas corpus review may be available to challenge the legality of a state court order of civil commitment."   *White v. Lea*, 2015 WL 222360, *3 (E.D. La. Jan. 14, 2015).   In such event, "in light of the ease of access to the relevant records and potential witnesses involved in the decision making process," the most appropriate venue for challenges to such confinement is in the district where the state court is located that imposed the sentence.   *Id.*   Based on this rationale, the Court believes that it is in the interest of justice to transfer this case to the Eastern District of Louisiana where the evidence and witnesses will more likely be easily located and produced.

<u>RECOMMENDATION</u>

It is recommended that this matter be TRANSFERRED to the Eastern District of Louisiana for further proceedings.   It is further recommended that any determination regarding Petitioner's entitlement to proceed *in forma pauperis* be deferred to the transferee court for disposition.

Signed in Baton Rouge, Louisiana, on March 29, 2018.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**